**[Cite as *Racano v. Ohio Dept. of Transp.*, 2025-Ohio-3236.]**

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| COLLEEN M. RACANO | Case No. 2025-00478AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Colleen Racano ("plaintiff") filed this claim against defendant, Ohio Department of Transportation ("ODOT"), to recover damages which occurred when plaintiff's vehicle struck a pothole on April 27, 2025, while plaintiff was traveling on Interstate Route 77 in Summit County. This road is a public road maintained by ODOT. Plaintiff seeks $1,337.48 in vehicle damage, $277.80 for a rental car through Hertz, and $42.00 for an Uber ride. Plaintiff maintains a collision deductible of $500.00. Plaintiff submitted the $25.00 filing fee.

{¶2} ODOT filed an investigation report stating its willingness to settle this claim for the amount of plaintiff's deductible - $500.00.

{¶3} R.C. 2743.02(D) states in pertinent part: "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery that the claimant receives or is entitled to." Additionally, this court has found car rental expenses to be a compensable expense. *Evanoski v. ODOT,* 2009-Ohio-7094 (Ct. of Cl.). Furthermore, this court has found that the costs for rideshares are compensable when they would not have been incurred but for the negligence of defendant. *Snyder v. ODOT,* 2018-Ohio-5500, ¶ 7 (Ct. of Cl.).

{¶4} Plaintiff filed a response to defendant's investigation report stating that her insurance company denied her claim. The information plaintiff provided shows that plaintiff's insurance company was unwilling to cover plaintiff's alleged damages because

after their review of plaintiff's claim, they determined that only one tire needed to be replaced, and its cost was less than plaintiff's $500.00 deductible.

{¶5} Upon review, the court determines that the three (3) undamaged tires are not recoverable as the documentation provided from the dealership shows that plaintiff chose to replace all tires as plaintiff was not happy with the runflat tires that were on the vehicle, not because they were damaged in this incident. Accordingly, the court determines that plaintiff is entitled to recover $476.83, which includes the cost of one (1) tire ($219.99), the alignment ($189.95), and ¼ of the labor and incidental costs incurred ($66.89), plus the $277.80 paid for the rental car through Hertz.

{¶6} However, the court determines that plaintiff is not entitled to recover the cost of the rideshare. Although this type of expense is typically recoverable, plaintiff noted in her response to the court's August 8, 2025 entry that the cost of the Uber was included in plaintiff's car roadside assistance.

{¶7} Therefore, judgment is rendered in favor of plaintiff in the amount of $754.63, plus $25.00 for reimbursement of the filing fee pursuant to the holding in *Bailey v. Ohio Dept. of Rehab. & Corr.,* 62 Ohio Misc.2d 19 (Ct. of Cl. 1990).

| | |
|---|---|
| COLLEEN M. RACANO | Case No. 2025-00478AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶8} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in

favor of plaintiff in the amount of $779.63, which includes reimbursement of the $25.00 filing fee. Court costs are assessed against defendant.

_____
HOLLY TRUE SHAVER
Deputy Clerk

Filed 8/27/25
Sent to S.C. Reporter 9/9/25